## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DAVID SIDNEY POTTER,**

     **Plaintiff,**

**vs.**                          **Case No. 4:21cv253-AW-MAF**

**ANGEL OAK MORTGAGE
SOLUTIONS, LLC, MARK LIVELY,
MIKE FIERMAN, TRAVIS LALONDE,
SCOTT GRUEBELLE,
ISEDORE S. CONERLY
(a.k.a. ISEDORE S. SMITH),
and DONNA LYNN HARKNESS,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Defendants filed a notice of removal, ECF No. 1, on June 25, 2021, removing this case from state court to federal court. On July 2, 2021, Defendants filed a motion to dismiss Plaintiff's complaint. ECF No. 4. An Order was entered on July 8, 2021, finding the notice of removal was timely and that jurisdiction existed. ECF No. 7. However, several deficiencies were also noted which had to be corrected before ruling on the motion to dismiss. *Id.*

First, all documents submitted by the pro se Plaintiff in this litigation have included an electronic signature. *See* ECF No. 5 at 2; ECF No. 6 at 2. Because Plaintiff is not a licensed attorney and is not admitted to the Bar of this Court, he was advised that any document submitted for filing must contain his handwritten signature. ECF No. 7 (citing to N.D. Fla. Loc. R. 5.4(A) and N.D. Fla. Loc. R. 5.1(E)). Furthermore, Rule 11 of the Federal Rules of Civil Procedure requires a document be signed personally by an unrepresented party. Fed. R. Civ. P. 11(a). Neither Plaintiff's objection to removal, ECF No. 5, nor his response to the motion to dismiss, ECF No. 6, were properly signed. In addition to those two recent documents, ECF Nos. 5-6, Plaintiff's complaint was also problematic for the same reason. Those filings do not comply with Rule 11(a) or Local Rule 5.1(E).[1]

Second, Plaintiff's complaint presented an additional issue beyond the absence of a proper signature. Defendant attached the documents filed in state court to the notice of removal, ECF No. 1. Review of the 469 pages of attachments provided with the notice of removal reveals that Plaintiff filed an amended complaint after he submitted the original

---

[1] That Rule requires all documents "filed by a pro se party must include . . . the party's handwritten signature." N.D. Fla. Loc. R. 5.1(E).

complaint.[2]  *See* ECF No. 1-2 at 42-60.  However, Defendants filed a

motion to dismiss Plaintiff's "complaint."  ECF No. 4.  Because it was

unknown whether Defendants were served with a copy of Plaintiff's

amended complaint, or whether Plaintiff intended to rely upon his original

complaint and not the amended complaint, Plaintiff was required to "file a

response which clarifie[d] whether or not the operative pleading in this case

should be deemed to be his complaint or amended complaint."  ECF No. 7.

Plaintiff had until July 23, 2021, in which to respond.  *Id.*

When Plaintiff failed to respond by that deadline, an Order to Show

Cause was entered, ECF No. 10, requiring Plaintiff to show good cause

why this case should not be dismissed for his failure to comply with a Court

Order.  *Id.*  Plaintiff was given until August 11, 2021, to respond.  *Id.*  Once

again, nothing has been received from Plaintiff, despite the warning that if

he failed to comply with that Order, a recommendation might be entered to

dismiss this case.  *Id.*

---

[2] The state court record reveals that Plaintiff's complaint was filed on May 5, 2021, and is found at ECF No. 1-2, pages 8-26.  The record also reveals that on May 17, 2021, Plaintiff submitted an "amended complaint," which is found at ECF No. 1-2 at 42-60.  Regardless of the title given to a pleading by a pro se plaintiff, the submission of another pleading at a later date must necessarily be construed as an amended pleading.

Case No. 4:21cv253-AW-MAF

As an additional note, Defendants filed a response to the prior Order clarifying that they "were never served with an amended complaint."  ECF No. 11 at 2.  Rather, Defendants advised that Plaintiff filed an apparently identical document twice.  *Id.*  Notwithstanding that assertion, when a party subsequently files a complaint a second time, even if it is assumed to be identical, the document must necessarily be construed as an amended complaint.  It would be a waste of time for the Court to compare each page for differences, especially considering that Plaintiff has abandoned this litigation by failing to respond to two Court orders.  It is enough to note that the amended complaint, separately filed in this Court as document 9, is insufficient because it is not properly signed.  ECF No. 9 at 18.

Furthermore, whether "identical" or not, Defendants' motion sought to dismiss Plaintiff's complaint and not the amended complaint.  Regardless, Plaintiff has abandoned this litigation.  He failed to respond to an Order and an Order to Show Cause.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The

Case No. 4:21cv253-AW-MAF

Supreme Court has held that "[t]he authority of a court to dismiss sua

sponte for lack of prosecution has generally been considered an 'inherent

power,' governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs . . . . " <u>Link v. Wabash R.R.</u>

<u>Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)

(quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337

(11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the

Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an

extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of

discretion."  <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).  It is

within this Court's discretion and "inherent authority" to dismiss an action

for failing to comply with Rule 11.  <u>Smith v. Bruster</u>, 424 F. App'x 912, 915

(11th Cir. 2011) (stating it "was within the district court's discretion to

dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11

and 41(b) or under its inherent authority").  Here Plaintiff was forewarned

twice and has not responded to Court orders.  Because Plaintiff has failed

to prosecute this case, and has not provided a complaint with his original

signature as required by Rule 11 or Local Rule 5.1(E), dismissal is

appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on August 26, 2021.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case No. 4:21cv253-AW-MAF